# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, an individual, et al.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTER, LLC, a North Carolina limited liability company, and Does 1-50, inclusive,<br><br>　　　　　　　Defendant. | Case No.: 22cv00545-LL-MDD<br><br>**ORDER GRANTING-IN-PART THE JOINT STIPULATION AND MOTION FOR AN ORDER EXTENDING (1) DEFENDANT'S TIME TO RESPOND TO PLAINTIFFS' COMPLAINT AND (2) PLAINTIFFS' DEADLINE TO FILE A MOTION TO REMAND**<br><br>**[ECF No. 5]** |

## I.　INTRODUCTION

　　Plaintiffs Elias Merhi, Nicholas Sevilla, Sean O'Neil, Jose Ramos IV, Megan Chambers, Farideh Babri, Rachel Wilkinson, Veronica Hernandez, Ellen Benton, Virginia Lea Anderson, Jeffrey Graham, Matthew Stransky, Alexander Olson, Wanda Allen, Sean Carpenter, Mark Crusoe, John Enright, Pamela Lehman, Tyler Wintermote, Jennifer Strauss, Tracy Wilkins, Richard Silvas, Gloria Molano, Donna Villanueva, Naamah Rehn, and Kimberly Underwood, all California residents ("Named Plaintiffs"), bring this putative class action complaint against Defendant Lowe's Home Centers, LLC, a North Carolina limited liability company ("Lowe's" or "Defendant") for alleged wage and hour violations. ECF No. 1 at 7,[1] ¶ 1.

---

[1]　Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

Before the Court is the Joint Stipulation and Motion for Order Extending Time to Respond to Plaintiffs' Complaint and File a Motion to Remand (the "Joint Motion"). ECF No. 5.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II. BACKGROUND

On February 15, 2022, Named Plaintiffs filed this putative class action in the San Diego County Superior Court, Case No. 37-2022-00005954-CU-OE-CTL, alleging ten causes of action for various wage and hour claims.  ECF No. 1-4 at 2; *see also* ECF No. 1 at 7, ¶ 1.  On March 22, 2022, Named Plaintiffs served Defendant.  ECF No. 5 at 3:12-21; *see also* Cal. Code Civ. Proc. § 412.20.

On April 20, 2022, Defendant timely removed this case, meaning Defendant has until Wednesday, April 27, 2022, to respond to the Complaint.  ECF No. 5 at 3:12-21; *see also* Fed. R. Civ. P. 81.

On April 20, 2022, Defendant filed a Notice of Related Cases, informing the Court of *Judicial Council Coordination Proceeding*, JCCP No. 5110, which consists of ten related cases pending against it in the San Bernardino, San Mateo, Ventura County, San Diego, Los Angeles, Monterey, and Orange County superior courts.  ECF No. 4.

## III. DISCUSSION

The parties seek to extend Defendant's deadline to respond by 28 days, or until May 25, 2022, to avoid unnecessary motion practice.  ECF No. 5 at 3:22-24.  Defendant seeks this extension as it may file a motion to dismiss and compel arbitration and/or a motion to stay proceedings pending the United States Supreme Court's ruling in *Viking River Cruises. Inc. v. Moriana*, 142 S. Ct. 734 (2021). ECF No. 5 at 3:14-19.  *Viking River* will address whether the Federal Arbitration Act requires enforcement of an arbitration agreement that states that an employee cannot raise representative claims, including claims pursuant to California's Private Attorney General Act.  *See Moriana v. Viking River Cruises, Inc.*, No. B297327, 2020 WL 5584508, at *1 (Cal. Ct. App. Sept. 18, 2020), *review denied* (Dec. 9, 2020), *cert. granted,* 142 S. Ct. 734 (2021).  This case was

argued on March 30, 2022, and thus, a written opinion is expected to issue sometime around June 30, 2022.  *See* Lee Epstein et. al., *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 DUKE L.J. 991, 993 (2015) ("The Court usually issues its decision within three months of oral argument; only the very rare case bounces around the chambers for more than six months, and almost every decision is issued in the same term in which the case is argued.").  Given Defendant contends in its Notice of Removal that all Named Plaintiffs signed arbitration agreements, *see* ECF No. 1 at 10, ¶ 10, it appears *Viking River* could change the outcome of any motion to compel arbitration filed by Defendant.

The parties also seek to extend Plaintiffs' deadline to file a motion to remand by 30 days, or until June 20, 2022.  ECF No. 5 at 3:25-27; *see also* 28 U.S.C. § 1447 (requiring a motion to remand on the basis of any defect other than lack of subject matter jurisdiction to be filed within 30 days of the notice of removal).  In light of the pending issuance of a Supreme Court opinion which could affect the briefing on any motion to dismiss or compel arbitration as well as the general rules that courts should resolve jurisdictional issues before merits issues, the Court finds it more prudent to address the jurisdictional issues, like a motion to remand, first.  *See, e.g.*, *B.C. v. Plumas Unified School Dist.,* 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that federal courts are required to examine jurisdictional issues such as standing, even *sua sponte*, if necessary); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").  If remand is appropriate, this Court should not address the motion to dismiss.  *See, e.g.*, *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 675 n.2 (S.D. Ohio 2014) (noting that the plaintiff's "motion to remand must be resolved before the motion to dismiss, because if remand is appropriate, then the state court should decide the motion to dismiss").

Thus, the Court **GRANTS-IN-PART** the Joint Motion as set forth below, addressing the jurisdictional issues before the merits issues.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** that the parties follow the below briefing schedule:

| Filing: | Current Deadline: | Extended Deadline: |
|---|---|---|
| **Motion to Remand** | Friday, May 20, 2022 | Monday, June 20, 2022 |
| **Responsive Pleading** | Wednesday, April 27, 2022 | Within 10 calendar days of the Court's ruling on the motion to remand[2] |

**IT IS SO ORDERED.**

DATED:   April 26, 2022

HON. LINDA LOPEZ
United States District Judge

---

[2]   In the event Plaintiff fails to file a motion to remand, Defendant's responsive pleading will be due on May 25, 2022.

4