Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com

**SW EMPLOYMENT LAW GROUP, APC**
Jacob N. Whitehead, SBN 266123
*jacob@swemploymentlaw.com*
7700 Irvine Center Drive, Suite 930
Irvine, California 92618
Tel. (949) 674-4922

*Attorneys for Plaintiffs and All Others Similarly Situated*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, an individual; NICHOLAS SEVILLA, an individual; SEAN O'NEIL, an individual; JOSE RAMOS IV, an individual; MEGAN CHAMBERS, an individual; RACHEL WILKINSON, an individual; ELLEN BENTON, an individual; JEFFREY GRAHAM, an individual; MATTHEW STRANSKY, an individual; ALEXANDER OLSON, an individual; WANDA ALLEN, an individual; SEAN CARPENTER, an individual; JOHN ENRIGHT, an individual; PAMELA LEHMAN, an individual; TYLER WINTERMOTE, an individual; TRACY WILKINS, an individual; RICHARD SILVAS, an individual; GLORIA MOLANO, and individual; KIMBERLY UNDERWOOD, an individual; | Case No.: 3:22-cv-545-LL-MMP<br><br>Hon. Linda Lopez<br>Courtroom 5D<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT LOWE'S HOME CENTER, LLC'S MOTION FOR ORDER COMPELLING INDIVIDUAL ARBITRATION AND DISMISSING REPRESENTATIVE CLAIMS** |

NOTICE OF SUPPLEMENTAL AUTHORITY

| | |
|---|---|
| 1 | NATHAN WINSTON, an individual; STEPHAN (STEVE) SELLIN, an individual; DAVID WILLIAMS, an individual; CRISTINA MARSHALL, an individual; JIMMY PADILLA, an individual; MARCUS KASTEL, an individual; OMAR REYES, an individual; MARK RODRIGUEZ, an individual; each as an individual and on behalf of all others similarly situated, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Plaintiffs, |
| 9 | |
| 10 | v. |
| 11 | LOWES HOME CENTER, LLC, a North Carolina corporation, and DOES 1-50, inclusive, |
| 12 | |
| 13 | |
| 14 | Defendants |

NOTICE OF SUPPLEMENTAL AUTHORITY

In compliance with the Court's Order granting the Parties leave to file a Notice of Supplemental Authority (Dkt. 53), Plaintiffs submit the following Notice addressing the effect of *Adolph v. Uber Techs.*, 14 Cal.5th 1104, 532 P.3d 682 (2023) on Defendant Lowe's Home Center, LLC's ("Lowe's") pending Motion to Compel Arbitration of the individual portion of Plaintiff's Merhi's claim under the California Private Attorneys General Act of 2004 ("PAGA"), and dismiss or stay the representative portion of his claim under PAGA [ECF No. 23].

## I. *Adolph* Confirms that Compelling a Plaintiff's Claims to Arbitration Does Not Require Dismissal of the Representative PAGA Claim

In *Adolph*, the California Supreme Court was tasked with answering the question of whether an aggrieved employee who has been compelled to arbitrate individual claims under PAGA maintains statutory standing to pursue PAGA claims arising out of events involving other employees in court. (*Adolph*, *supra*, at p. 1119.) As to this question, *Adolph* confirmed that the compelling of a PAGA Plaintiff's individual claims to arbitration does not require the dismissal of the representative claim. *Id.* at 1124.

## II. Following the Reasoning of Adolph, this Court Should Not Stay this Action

While not tasked with deciding the question, the California Supreme Court also considered the issue of staying the representative PAGA claims in court, confirming that the decision of whether to stay the representative action remains within the *discretion* of the trial court.

In addressing defendant-employer Uber's concerns that not dismissing the representative PAGA claims would result in the relitigating of standing, the Court acknowledged that the employee Adolph's contention that "the trial court **may** exercise its discretion to stay the non-individual claims pending the outcome of the arbitration," adequately addressed Uber's concerns. (*Id.*, at p. 1123 (emphasis added)). Similarly, in rejecting Uber's contention that bifurcating the individual and representative PAGA claims would sever them into separate and distinct actions the Court again noted that

"the court **may** 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" (*Id.*, at p. 1125). Thus, confirming the discretionary nature of a stay.

### III. Following the Reasoning of Adolph, this Court Should Not Stay this Action

Further, as discussed in *Adolph,* there is no risk of duplicative litigation and therefore no harm in allowing the representative PAGA action to proceed. If Plaintiff Merhi's individual PAGA claims are compelled to arbitration, that cannot be interpreted as a creating two separate and distinct actions. To the contrary, the individual and representative PAGA claims remain part of the same action. (*Adolph*, 14 Cal.5th at p. 1124.) "Nothing in PAGA or any other relevant statute suggests that arbitrating individual claims effects a severance." (*Id*.) Thus, "[w]hen a case includes arbitrable and nonarbitrable issues, the issues may be adjudicated in different forums while remaining part of the same action." (*Id*.) As such, Defendant would not be harmed by permitting the representative PAGA claim to proceed, as it is left facing the same lawsuit it did prior to filing its motion to compel arbitration.

Similarly, allowing the representative PAGA claims to proceed does not create a risk of inconsistent rulings. This is because the arbitrator's decisions may be binding on the trial court whether there is a stay or not. As explained in *Adolph*, "[i]f the arbitrator determines that [plaintiff] is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment would be binding on the court, and [plaintiff] would continue to have standing to litigate his non-individual claims. If the arbitrator determines that [plaintiff] is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and [plaintiff] could no longer prosecute his non-individual claims due to lack of standing." (*Adolph*, *supra*, at pp.1124-25; [citing *Rocha v. U-Haul Co. of California,* 88 Cal.App.5th 65, 76–82, 304 Cal.Rptr.3d 587 (2023)].)

NOTICE OF SUPPLEMENTAL AUTHORITY

### IV. Conclusion

As detailed above, the recent decision in *Adolph* confirms that there is no basis to dismiss the representative portion of Plaintiff Merhi's PAGA claim, should the individual portion be compelled to arbitration. Further, the reasoning set out in *Adolph* confirms that a stay is discretionary and that as there is no risk of duplicative litigation and inconsistent rulings, a stay the representative PAGA is not warranted.

Respectfully Submitted,

Dated: September 21, 2023

Carolyn H. Cottrell
Ori Edelstein
Eugene Zinovyev
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

**SW EMPLOYMENT LAW GROUP, APC**
Jacob N. Whitehead, Esq.

*Attorneys for Plaintiffs and All Others Similarly Situated*