UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTER, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 22cv545-LL-MMP<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT**<br><br>**[ECF No. 46]** |

This matter is before the Court on Plaintiffs' Motion for Leave to File a Fifth Amended Complaint ("5AC"). ECF No. 46. Lowe's Home Centers, LLC ("Lowe's"), the only named Defendant in this case, filed a response in opposition to Plaintiffs' Motion [ECF No. 29], and Plaintiffs filed a Reply supporting their Motion [ECF No. 50]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** the Motion for Leave to File a Fifth Amended Complaint for the reasons stated below.

**I.　BACKGROUND**

Plaintiffs seek leave to amend their complaint "to add the PAGA claims of Plaintiff Cristina Marshall, Jeffrey Graham, Jose Ramos IV, Matthew Stransky and Sean O'Neil, who are already Plaintiffs in this action." ECF No. 46 at 10 (together, the "Proposed PAGA

Plaintiffs"). While Plaintiffs Graham, Ramos IV, Stransky, and O'Neil were plaintiffs in the originally filed case, Plaintiff Marshall was added when the Plaintiffs filed their First Amended Complaint on July 22, 2022. *See* ECF No. 17.

Plaintiffs originally filed this action in the Superior Court of California for the County of San Diego, Case No. 37-2022-0005954-CU-OE-CTL, alleging ten causes of action for various wage and hour claims. ECF No. 1-4 at 2. On April 20, 2022, Lowe's removed the case to this Court. ECF No. 1. The Court granted the parties' request to extend deadlines pending the issuance of the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, which was decided on June 15, 2023. 142 S. Ct. 1906 (2022); *see* ECF No. 7. Following the ruling in *Viking River*, Plaintiffs filed their first amended complaint ("FAC") on July 22, 2022. ECF No. 17. Subsequently, the Court granted the parties' joint stipulation and motion to submit the individual claims of the following plaintiffs to arbitration, and to stay each plaintiff's respective claims pending the outcome of arbitration: Elias Merhi (including his individual claims under the Private Attorneys General Act of 2004 ("PAGA")), Cal. Lab. Code. §§ 2698 et seq., Nicholas Sevilla, Sean O'Neil, Jose Ramos IV, Megan Chambers, Rachel Wilkinson, Ellen Benton, Matthew Stransky, Alexander Olson, Wanda Allen, Sean Carpenter, John Enright, Pamela Lehman, Tyler Wintermote, Jennifer Strauss, Tracy Wilkins, Richard Silvas, Gloria Molano, Donna Villanueva, Naeemah Rehn, Kimberly Underwood, Nathan Winston, Stephan (Steve) Sellin, David Williams, Cristina Marshall, Tammy Pizano, Jimmy Padilla, Marcus Kastel, and Mark Rodriguez. ECF No. 22. As a result, the only remaining claims in the FAC were the claims brought by Plaintiff Jeffrey Graham, Plaintiff Omar Reyes, and the representative portion of Plaintiff Elias Merhi's PAGA claim. *Id.*

Upon joint motions by the parties, the Court thereafter allowed Plaintiffs to file their second, third, and fourth amended complaints for the sole purpose of allowing additional Plaintiffs to assert representative—non-individual—claims under PAGA. ECF Nos. 35, 42, 47. Plaintiffs Lehman, Enright, Kastel, Carpenter, Wilkinson, and Padilla were added as PAGA plaintiffs in the second amended complaint [ECF No. 39] on April 24, 2023,

Plaintiffs Williams, Benton, and Sellin were added as PAGA plaintiffs in the third amended complaint [ECF No. 43] on May 31, 2023, and Plaintiffs Wilkins, Olson, and Underwood were added as PAGA plaintiffs in the fourth amended complaint [ECF No. 48] on June 30, 2023. In each instance, upon the parties' stipulation that the additional plaintiffs would arbitrate their individual claims and that the amended complaints would not raise any substantively new issues or claims not already addressed by Defendant Lowe's motion to compel arbitration and dismiss or stay the non-individual PAGA claim brought by Plaintiff Merhi [ECF No. 23], the Court ordered that the individual portion of the additional plaintiffs' PAGA claims be stayed, that Defendant not be required to respond to the amended complaints, and that the non-individual PAGA claims be subject to this Court's ruling on Defendant's pending motion. ECF Nos. 35, 42, 47. Plaintiffs filed the instant Motion while the joint motion to file a fourth amended complaint was pending. *See* ECF No. 46.

## II.    LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" for a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although requests for leave to amend are generally granted with "extreme liberality," the Court considers the factors laid out in *Foman v. Davis*, 371 U.S. 178, 182 (1962) when considering whether to grant leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). "Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). However, "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### III. DISCUSSION

#### A. PAGA Pre-Filing Requirements

In order to bring a claim under PAGA, a plaintiff must exhaust the administrative procedures set forth in Section 2699.3 of the California Labor Code. CAL. LAB. CODE § 2699(a). Section 2699.3 provides that an "aggrieved employee or representative shall give written notice" to the Labor and Workforce Development Agency ("LWDA") and their employer "of the specific provisions . . . alleged to have been violated," as a precondition to filing a civil action under PAGA. CAL. LAB. CODE § 2699.3(a)(1)(A). After such pre-filing notice has been given, a plaintiff must either receive notice from the LWDA, within 65 calendar days of the postmark date of the pre-filing notice, that it does not intend to investigate the violations, or, if the LWDA does not respond, allow that time period to elapse before commencing a civil action. CAL. LAB. CODE § 2699.3(a)(2)(A). Finally, after exhausting the administrative procedures outlined by the statute, "a party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements." *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1175, 1182 (S.D. Cal. 2015) (citations omitted); *see also Esparza v. Safeway, Inc.*, 247 Cal. Rptr. 3d 875, 889-90 (Ct. App. 2019). PAGA does not set out a separate statute of limitations. Therefore, PAGA claims are subject to the one-year statute of limitations set out by section 340(a) of the California Code of Civil Procedure. *See Brown v. Ralphs Grocery Co.*, 239 Cal. Rptr. 3d 519, 530 (Ct. App. 2018); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007-08 (N.D. Cal. 2007).

#### B. Administrative Exhaustion in this Case

"An employee who brings a PAGA action to recover civil penalties acts 'as the proxy or agent' of the state." *Adolph v. Uber Techs., Inc.*, 532 P.3d 682, 687 (Cal. 2023). In order to become deputized to prosecute labor code violations for the state under PAGA, an aggrieved employee must comply with PAGA's notice requirements, and becomes deputized only after the relevant state agency declines to allocate its own resources to investigate the violations alleged. *See id.* at 687-88 (internal citations omitted). "The

1  Legislature's sole purpose in enacting PAGA was 'to augment the limited enforcement
2  capability of the [LWDA] by empowering employees to enforce the Labor Code as
3  representatives of the Agency.'" *Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1130 (Cal.
4  2020) (quoting *Iskanian v. CLS Trans. Los Angeles, LLC*, 327 P.3d 129, 149 (Cal. 2014)).
5  Accordingly, a PAGA claim is an enforcement action between the LWDA and the
6  employer, with the PAGA plaintiff acting on behalf of the government. *Id.* Furthermore,
7  because the plaintiff's role is to act as a representative of the LWDA, "PAGA requires that
8  before filing suit, the so-called PAGA plaintiff must submit notice of the alleged violations
9  to the LWDA and the employer." *Hutcheson v. Superior Ct.*, 290 Cal. Rptr. 3d 60, 62 (Ct.
10 App. 2022) (citing CAL. LAB. CODE § 2699.3(a)). "The submission of notice to the LWDA
11 and the employer is a mandatory precondition for acting as plaintiff in a PAGA suit." *Id.*
12 at 67.
13       Plaintiffs argue that the United States Supreme Court's decision in *Viking River*
14 "altered the PAGA landscape" by finding that "PAGA could be divided into individual and
15 representative claims[,]" and that "prior to *Viking River* there was no individual PAGA
16 claims and therefore each aggrieved employee was not required to file their own PAGA
17 claim and could instead rely on the representative nature of PAGA." ECF No. 50 at 7.
18 Plaintiffs further argue that "[g]iven that individual PAGA claims did not exist prior to
19 *Viking River*, there was no authority setting forth an individual employee's requirements
20 for administrative exhaustion, or what was required to file an individual PAGA claim." *Id.*
21 In that same vein, Plaintiffs posit that "Plaintiff Merhi, in giving notice to the LWDA, and
22 subsequently initiating this lawsuit, is acting as a representative of all Aggrieved
23 Employees including Plaintiffs Marshall, Graham, Ramos IV, Stransky and O'Neil." ECF
24 No. 46 at 16. Plaintiffs argue that "Merhi's original LWDA notices and PAGA claim gave
25 notice to Defendants that *all* aggrieved employees would be seeking PAGA penalties for
26 the claims asserted by the Plaintiffs seeking to now add their PAGA claims[,]" and that
27 Merhi's LWDA notices were "all that was required prior to *Viking River* for all Aggrieved
28 Employees to maintain their status as being able to recover PAGA penalties." *Id.* at 17-18.

Plaintiffs submit that *Viking River* "found that individual claims exist," and that "Plaintiffs therefore had no choice but to supplement the LWDA notices to name additional individuals asserting the same claims to preserve their individual claims." *Id.* at 18.

Defendant contends that the Proposed PAGA Plaintiffs failed to provide timely notice of their claims, that Plaintiffs unduly delayed in seeking leave to amend their complaint, and that the Proposed PAGA Plaintiffs' PAGA claims are now time-barred. ECF No. 49 at 8. Defendant therefore asserts that the proposed amendment should be denied as futile. *Id.* More specifically, Defendant argues that an individual may only be deputized to bring a PAGA claim to if they meet the administrative exhaustion requirement by providing timely notice to the LWDA, and that a PAGA litigant's substantive role in enforcing labor laws as a proxy for the state requires that the exhaustion requirement be met by every employee seeking to pursue a PAGA claim. *Id.* at 10. Defendant also argues that the relation-back doctrine "cannot be used to allow untimely pre-suit notices to relate back to timely pre-suit notices." *Id.* at 11.

According to the fourth amended complaint ("4AC"), the Proposed PAGA Plaintiffs worked for Lowe's until May 21, 2021 (O'Neil) [ECF No. 46 ¶ 5], July 8, 2021 (Ramos IV) [*id.* ¶ 6], May 31, 2021 (Graham) [*id.* ¶ 10], July 15, 2021 (Stransky) [*id.* ¶ 11], and June 2, 2021 (Marshall) [*id.* ¶ 25]. Therefore, each of the Proposed PAGA Plaintiffs' LWDA notices would have been due no later than May (O'Neil and Graham), June (Marshall), and July (Ramos IV and Stransky) of 2022. *Brown*, 239 Cal. Rptr. 3d 530-31. Plaintiffs and Lowe's apparently agree that the LWDA first received notice that the Proposed PAGA Plaintiffs intended to pursue claims under PAGA via Plaintiff Merhi's fourth amended LWDA notice filed on January 25, 2023 [ECF No. 46-8]. ECF Nos. 46 at 12, 46-1 ¶ 11, 49 at 10. However, the parties disagree on whether Merhi's earlier LWDA notices—submitted in January and February 2022—may serve as the Proposed PAGA Plaintiffs' LWDA notice(s) for the purpose of asserting their own claims under PAGA. Merhi also submitted an amended LWDA notice on September 7, 2022. ECF No. 46-6.

Plaintiffs essentially ask this Court to find that the Supreme Court in *Viking River* created a standalone individual PAGA claim with its own separate-but-undefined procedural requirements, and asks this Court to apply its proffered standard, that timely notice by a single plaintiff in a case with overlapping representative claims be sufficient to meet the administrative requirements for an aggrieved employee to be deputized to represent the LWDA or the State of California in a PAGA action. In support of its argument, Plaintiffs contend that the representative nature of PAGA claims supports a reading of section 2699.3 that would allow Plaintiff Merhi's LWDA notice to meet the administrative exhaustion requirement for the Proposed PAGA Plaintiffs. *See* ECF Nos. 46 at 16-18, 50 at 4-6. In line with their position that there is "no authority setting forth an individual employee's requirements for administrative exhaustion, or what was required to file an individual PAGA claim" [ECF No. 50 at 7], Plaintiffs have not cited any federal or state case in which one PAGA plaintiff's LWDA notice was deemed sufficient to meet the notice requirement for another proposed PAGA plaintiff. This Court is disinclined to fashion its own novel standard for administrative requirements imposed by statute.

The Supreme Court in *Viking River* distinguished between individual and non-individual PAGA claims for the purposes of enforcing arbitration agreements, for individual claims where either the LWDA or the State of California was not the real party in interest, but it did not create a standalone "individual PAGA claim" with its own separate procedural requirements. *See Viking River*, 142 S. Ct. at 1924-25 (finding that individual PAGA claims were divisible from non-individual claims through an agreement to arbitrate). "Indeed, it is a regular and accepted feature of litigation governed by the [Federal Arbitration Act] that the arbitration of some issues does not sever those issues from the remainder of the lawsuit." *Adolph*, 532 P.3d at 693 (discussing whether *Viking River* required the court to treat individual PAGA claims as a separate action). As reiterated by the Supreme Court of California, PAGA "makes clear that the cause remains one action, parts of which may be stated pending completion of the arbitration." *Id.* Indeed, *Viking River* makes clear that its use of the phrase "individual PAGA claim . . . refer[s] to claims

based on code violations suffered by the plaintiff" and that its purpose in articulating that distinction served to clarify the difference between the sense in which PAGA actions "are brought by employees acting as representatives" and the sense in which PAGA actions "are predicated on code violations sustained by other employees." 142 S. Ct. at 1916. Furthermore, there is nothing novel about *Viking River*'s treatment of individual and non-individual claims in a PAGA action as being distinct. *See Kim*, 459 P.3d at 1132 (holding that PAGA claims could be brought both with and without individual claims for relief); *Iskanian*, 327 P.3d at 154-55 (holding that the court's analysis of an individual claim did not apply to the representative PAGA claims in the action).

It is not disputed that Plaintiff Merhi's timely LWDA notice made clear that he was seeking PAGA penalties on behalf of all aggrieved employees, but the same notice cannot be understood to have notified the LWDA that other unnamed aggrieved employees not named in the notice were seeking to meet the statutory requirements to be deputized as PAGA plaintiffs. The plain language of PAGA indicates that in order to serve as a PAGA plaintiff—i.e., to file a civil action—, a potential PAGA plaintiff ("aggrieved employee or representative") must give written notice to the LWDA, pay the requisite fee, and either receive notice that the LWDA does not intend to investigate the alleged violation(s) set forth in the notice within 65 calendar days, or receive no notice within that period, prior to commencing a civil action under PAGA. CAL. LAB. CODE § 2699.3. In the absence of statutory authority or any case law supporting Plaintiffs' suggested interpretation that Plaintiff Merhi, acting as a representative of all aggrieved employees, single-handedly met the administrative exhaustion requirement for all aggrieved employees covered by the representative portion of his PAGA claim, as predicated on code violations suffered by other aggrieved employees, the Court cannot apply that standard in this case. While Plaintiff Merhi's LWDA notice was representative in the sense that it gave notice to the LWDA of violations suffered by other employees, potentially including the Proposed PAGA Plaintiffs, and that successful prosecution of those claims would have benefitted all aggrieved employees as defined under PAGA, nothing suggests that a single plaintiff's

LWDA notice may potentially deputize every aggrieved employee[1] to pursue claims on behalf of the LWDA or the State of California without specific notice, as set out in section 2699.3. Instead, the discussion of the distinction between individual and non-individual PAGA claims by both the United States Supreme Court and the Supreme Court of California suggest that the "aggrieved employee or representative" language should be understood to distinguish between a potential PAGA plaintiff that bringing claims based on labor code violations that were personally sustained (an "aggrieved employee") and a potential PAGA plaintiff bringing claims that their employer or former employer committed labor code violations against other employees (a "representative"). *See Viking River*, 142 S. Ct. at 1923; *Adolph*, 532 P.3d at 692. Plaintiff Merhi's LWDA notice met PAGA's administrative exhaustion requirement to prosecute labor code violations on behalf of the LWDA, but the LWDA was not provided notice of the PAGA claims of the Proposed PAGA Plaintiffs until January 2023, well after the one-year limitations period for each of the Proposed PAGA Plaintiffs. As such, Plaintiffs' proposed amendments asserting PAGA claims for those Plaintiffs are futile and the Motion for Leave to File a Fifth Amended Complaint is therefore **DENIED**. ECF No. 46.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[1] Plaintiffs do not propose any limiting principle for their theory of administrative exhaustion, and the Court declines to speculate as to its scope.

9

While the Proposed PAGA Plaintiffs, if they are determined to be aggrieved employees, may still benefit from successful prosecution of any representative PAGA claims brought by other PAGA plaintiffs, they have not met the requirements to be deputized by the LWDA to prosecute such claims against Defendant. Although the Court has considered all of the *Foman* factors, because futility of an amendment itself justifies the denial of a motion to amend, the Court declines to address Defendant's additional arguments that the instant Motion should be denied.

**IT IS SO ORDERED**.

Dated: September 28, 2023

Honorable Linda Lopez
United States District Judge