UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTER, LLC, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 22cv545-LL-MMP<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>**[ECF No. 44]** |

　　　This matter is before the Court on the Motion to Withdraw as Counsel of Record for Plaintiffs Mark Rodriguez, Wanda Allen, and Tyler Wintermote filed by attorney Eugene Zinovyev on behalf of himself, Carolyn H. Cottrell, Ori Edelstein, and Kristabel Sandoval of Schneider Wallace Cottrell Konecky, LLP ("SWCK"), and on behalf of Jacob N. Whitehead formerly of SW Employment Law Group, APC ("SW Employment") and currently of Whitehead Employment Law ("WEL") (collectively, "Counsel"). ECF No. 44. Counsel requests leave to withdraw from representation of Plaintiffs Rodriguez, Allen, and Wintermote because Plaintiffs have "repeatedly failed to communicate with their counsel, despite repeated attempts, and have thereby rendered it unreasonably difficult for counsel

1

to effectively carry out their representation." ECF No. 44-1 at 3. The Motion was filed on May 31, 2023, and no opposition has been filed. For the reasons explained below, the Court **GRANTS** the Motion to Withdraw as Attorney of Record for Plaintiffs Rodriguez, Allen, and Wintermote.

## I.  LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of Court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *see also* Cal. R. Prof. Conduct 1.16(c). Withdrawals are governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). More specifically, Rule 1.16 pertains to declining or terminating representation of a client. Withdrawals covered by subsection (a) of Rule 1.16 are mandatory. Cal. R. Prof. Conduct 1.16(a) ("Except as stated in paragraph (c), a lawyer shall not represent a client or, . . . shall withdraw"). Withdrawals covered by subsection (b) are permissive. *Id.* at 1.16(b) ("Except as stated in paragraph (c), a lawyer may withdraw from representing a client. . .").

Before withdrawal is permitted, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" Cal. R. Prof. Conduct 1.16(d).[1] Furthermore, the Local Civil Rules of this district require that "(a) A motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client" and that "(b) A declaration pertaining to such service must be filed. Failure to make [sic] serve as required by this section or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3).

---

[1] "Reasonable" or "reasonably" when used in relation to conduct by a lawyer means the conduct of a reasonably prudent and competent lawyer. Cal. R. Prof. Conduct. 1.0.1(h).

## II. DISCUSSION

Counsel seeks withdrawal under Rule 1.16(b)(4). Under Rule 1.16(b)(4), a lawyer may withdraw from representing a client if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct 1.16(b)(4).

Counsel submits that they have been attempting to contact Plaintiff Allen for several months to no avail, and that recent attempts to communicate with Plaintiffs Rodriguez and Wintermote have also gone unanswered. ECF No. 44-1 at 5. Allen failed to respond to email and mailed correspondence by SWCK requesting a response, and despite warnings that a lack of communication would lead Counsel to file a motion to withdraw as counsel. *Id.*; ECF No. 44-2 ¶ 7 ("SWCK placed at least 4 calls and left at least 2 voicemails for Plaintiff Allen between June and September 2022. Plaintiff Allen answered one phone call and indicated she was not available to discuss."); 44-3 ¶ 9 ("WEL staff has made at least 40 attempts to contact Ms. Allen and . . . has not been able to speak to [Allen] since January 4, 2022."). Plaintiff Rodriguez initially responded to similar correspondence but has been unresponsive to multiple subsequent attempts at communication, including an email sent on April 10, 2023 advising that Counsel would seek to withdraw if no response was received by April 13, 2023. ECF No. 44-1 at 5-6; 44-2 ¶ 10 (detailing one voicemail, two calls, a text message, and an email in March and April 2023 to which SWCK did not receive a response); 44-3 ¶ 8 ("WEL staff has made at least 42 documented attempts to contact Mr. Rodriguez and . . . has spoken to the client just three times."). Similarly, Counsel notes that Plaintiff Wintermote was initially responsive but has ceased to communicate, failing to respond to SWCK's most recent correspondence at the time this Motion was filed on May 4, 2023. ECF No. 44-1 at 6; 44-2 ¶ 11 (noting email and mail correspondence to which Counsel did not receive any response); 44-3 ¶ 10 ("WEL has made at least sixteen attempts to contact Mr. Wintermote and the staff has only spoken to the client twice."). Counsel

further submits that it is unable to effectively represent these Plaintiffs, to keep them apprised of their case, or effectively assist them with their individual claims that must proceed in arbitration due to their lack of responsiveness. ECF No. 44-1 at 6.

The Motion and attached declarations make it clear that Counsel have made numerous attempts to communicate with Plaintiffs Rodriguez, Allen, and Wintermote through letters, calls, voicemails, emails, and text messages, including notices that a failure to respond would result in the filing of a motion to withdraw representation. ECF No. 44-1 at 5-6; 44-2; 44-3. Counsel also submitted a certificate of service of this Motion. ECF No. 44-1 at 8. None of the three Plaintiffs named above have filed a response to the Motion. Furthermore, the Motion is unopposed by Defendant. *Id.* at 6.

The Court finds that Counsel took reasonable steps to avoid reasonably foreseeable prejudice to the Plaintiffs' rights as a client. The instant Motion and accompanying declaration comply with the requirements set forth in Civil Local Rule 83.3(f)(3). Although granting Counsel's motion would leave Plaintiff Rodriguez unrepresented, there is no requirement that a Court wait for substitute counsel to be retained before granting a motion for attorney withdrawal. *Arco Env't Remediation, L.L.C. v. RDM Multi-Enterprises*, 166 F. App'x 929, 930 (9th Cir. 2006) (holding that there was no abuse of discretion where the district court granted a motion to withdraw leaving a litigant unrepresented). Moreover, there is no right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court notes that Maria Burciaga will remain listed as counsel for Plaintiffs Allen and Wintermote.

\\\
\\\
\\\
\\\
\\\

### III. CONCLUSION

In accordance with the above, the Court hereby:

1. **GRANTS** the Motion to Withdraw as Attorney of Record for Plaintiffs Mark Rodriguez, Wanda Allen, and Tyler Wintermote. ECF No. 44. SWCK, SW Employment, and WEL are withdrawn as counsel for the Plaintiffs enumerated in this Order;

2. Within ten (10) days of the date of this Order, Counsel **SHALL SERVE** a copy of this Order on Plaintiffs Rodriguez, Allen, and Wintermote and file a certificate of service with the Court. *See* Fed. R. Civ. P. 5; and

1. Within thirty (30) days of the date of this Order, **November 24, 2023**, Plaintiff Mark Rodriguez may obtain new counsel and have counsel file a notice of appearance. **If no notice of appearance is filed by that date, the Court will deem Plaintiff Rodriguez as proceeding pro se**. "A party proceeding pro se must keep the Court and opposing parties advised as to [their] current address." S.D. Cal. CivLR 83.11(b). "Failure to comply . . . may be ground for dismissal or judgment by default." *Id.* at 83.11(a).

**IT IS SO ORDERED**.

Dated: October 25, 2023

_____
Honorable Linda Lopez
United States District Judge