UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, et al,<br><br>  Plaintiffs LOWE'S HOME CENTER, LLC,<br><br>v.<br><br>LOWE'S HOME CENTER, LLC,<br><br>  Defendant. | Case No.:  22cv545-LL-MMP<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS ELIAS MERHI AND KIMBERLY UNDERWOOD**<br><br>[ECF No. 76] |

On March 5, 2025, Schneider Wallace Cottrell Konecky, LLP and SW Employment Law Group, APC (collectively "Counsel") filed a motion for leave to withdraw as counsel of record for Plaintiffs Elias Merhi ("Merhi") and Kimberly Underwood ("Underwood"). ECF Nos. 76, 76-1 ("Motion"). Defendant filed a Statement of Non-Opposition to Plaintiffs' Motion to Withdraw as Counsel of Record. ECF No. 78. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1).

Counsel states that Merhi and Underwood's "refusal to respond to any communications has rendered it unreasonably difficult for counsel to carry out the effective

representation of these individuals." Mot. at 5. Counsel attests that they made numerous attempts—including eleven phone calls, emails, texts, and at least five voicemails—to communicate with Merhi between November and December 2023 without success. ECF No. 76-2, Declaration of Ori Edelstein ("Edelstein Decl."), ¶ 7. Counsel received no response even after they indicated to Merhi by email and letter on December 22, 2023 that if they did not receive a response they would move to withdraw as counsel. *Id.* ¶ 9. Counsel also attests that they made numerous attempts—including at least four phone calls, two voicemails, three letters, and two emails—to communicate with Underwood between November 2024 and December 2024, but received no response even though Counsel indicated by letter sent on December 17, 2024 that they would move to withdraw as counsel. *Id.* ¶¶ 8, 10.

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Laet Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). Courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Guryev v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

The Court finds Counsel's claims are valid reasons for withdrawal. Merhi and Underwood's cessation of communication with Counsel has made it unreasonably difficult for Counsel to carry out the representation effectively. *See Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants failing to pay legal fees and refusing to communicate with counsel). Because the parties have already stipulated to submit the claims of most of the plaintiffs to arbitration, there is no danger of prejudice to other litigants, harm to the administration of justice, or undue delay. The Court finds it is appropriate for Counsel to withdraw as counsel for Merhi and Underwood because the relevant considerations weigh in their favor. Additionally, Counsel has met the requirements of Civil Local Rule 83.3(f) by including a declaration regarding service of the Motion on Merhi and Underwood and adverse parties. Edelstein Decl. ¶ 12.

Accordingly, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Plaintiffs Elias Merhi and Kimberly Underwood as follows:

1. On or before **April 4, 2025**, Counsel shall (1) serve a copy of this Order on Merhi and Underwood and file proof of service with the Court and (2) inform Merhi and Underwood of the contents of this Order by phone and email and submit a declaration of having done so.

2. Merhi and Underwood may obtain other counsel or proceed pro se (without counsel). On or before **April 21, 2025**, Merhi and Howard shall, separately, do one of the following: (1) Merhi and Underwood's new counsel shall file a notice of appearance, or (2) Merhi and Underwood shall file a notice of their intent to proceed pro se and inform the Court and opposing parties of their current address pursuant to Civil Local Rule 83.11(b). A failure to comply with this Order may result in dismissal of this action for

failure to follow a court order or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: March 21, 2025

_____
Honorable Linda Lopez
United States District Judge