UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS MERHI, et al,<br><br>                 Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTER, LLC,<br><br>                 Defendant. | Case No.: 22cv545-LL-MMP<br><br>**ORDER DISMISSING CASE AS TO ELIAS MERHI AND KIMBERLY UNDERWOOD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)** |

On March 21, 2025, the Court granted a motion for leave to withdraw as counsel of record for Plaintiffs Elias Merhi and Kimberly Underwood filed by Schneider Wallace Cottrell Konecky, LLP and SW Employment Law Group, APC (collectively "Counsel"), and ordered Counsel, Merhi, and Underwood to take certain actions.[1] ECF No. 79. Specifically, the Court ordered Merhi and Underwood to complete one of the following actions on or before April 21, 2025: (1) file notice of their intent to proceed pro se and inform the Court and opposing parties of their current address pursuant to Civil Local Rule 83.11(b), or (2) Merhi and Underwood's new counsel shall file a notice of appearance.

---

[1] Counsel completed their required actions to inform Merhi and Underwood of the March 21, 2025 Order and its contents. ECF Nos. 81, 82.

1

*Id.* at 3. The Court warned that a failure to comply with the Order may result in dismissal of this action for failure to follow a court order or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 3–4. Merhi, Underwood, and any potential new counsel have failed to complete either action.

On June 10, 2025, the Court issued an Order to Show Cause directed to Merhi and Underwood to respond in writing by June 27, 2025 why this matter should not be dismissed for failure to follow a court order. ECF No. 83. The Court again warned that failure to timely respond to the Order by filing a response on the docket would result in dismissal of this lawsuit pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 2. The deadline passed more than two weeks ago, and no response has been filed.

In the Ninth Circuit, "in order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), s*uperseded by statute on other grounds as recognized in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

The Court finds the factors weigh in favor of dismissal. Merhi's and Underwood's inaction prevents the case from moving forward. Dismissal would further the public's interest in expeditious resolution of litigation and the Court's need to manage its docket when the alternative is halting proceedings while waiting on Merhi and Underwood to respond to the Court. Defendants are prejudiced by Merhi and Underwood's silence, which unreasonably delays this case. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted) (finding there is a presumption of prejudice to defendants when a plaintiff unreasonably delays the prosecution of the case). Although public policy favors disposition of cases on their merits, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,

460 F.3d 1217, 1228 (9th Cir. 2006). Finally, the Court warned Merhi and Underwood twice that a failure to comply with the Court's orders would result in dismissal, which satisfies the fifth factor regarding less drastic alternatives. *See id.* at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." (citation omitted)).

Accordingly, the Court **DISMISSES** this action as to Elias Merhi and Kimberly Underwood with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

The Clerk of Court shall mail a copy of this Order to Elias Merhi and Kimberly Underwood at the address provided for each by their former Counsel in the proof of service dated April 4, 2025. *See* ECF No. 81 at 3.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Honorable Linda Lopez
United States District Judge